THOMA (UNITED STATES v.). See Case No. 16,471.

## Case No. 13,885.

### Ex parte THOMAS.

[3 App. Com'r Pat. 346.]

Circuit Court, District of Columbia. 1860.

PATENTS — LIMITED SPECIFICATIONS — FAILURE TO AMEND—NOVELTY—ANTICIPATION.

[1. Where the applicant. represented by competent counsel, is put upon inquiry by the ruling of the board of appeals that his claim in the specifications is not limited to the only patentable device in his machine, the court upon appeal will not relieve him from the effect of the failure to amend his specifications.]

[2. Thomas' application for a patent for an improvement in devices for driving machinery. consisting of a portable hand power operated on the pendulum plan, *held* properly rejected for want of novelty in his claim and as anticipated by others.]

[Appeal by G. D. Thomas from the decision of the commissioner of patents rejecting his application for an improvement in devices for driving machinery.]

MERRICK, Circuit Judge. The object proposed to be accomplished by the applicant is a convenient portable hand power to be applied by farmers and others to drive

light machinery, such as threshers, fodder cutters, corn shellers, etc. The contrivance he has hit upon consists of a pendulum supported between two upright beams, and confined to a crossbar running through its axis of oscillation, from the ends of which bar movable rods depend, to be attached to the gearing of the machine to be operated. The pendulum is put into action by a lever handle like a pump handle, and oscillates between guides of wood or metal in the shape of arcs and is limited in its stroke by stops or bumpers fastened between the arcs at either end. The claim has been rejected upon references to rejected claims of Hackley Burton, June, 1852, Francis Johnston, October, 1855, and Kibbe and Burt, December, 1857, and the patents of McIntosh and Barnhart, April 13, 1839, and of C. or J. Stever, July 22, 1856.

The case of Kibbe and Burt presents the application of the motive power of the pendulum in its simplest form, to wit, the returning force of the pendulum operating one pump, when by external power it has been forced from its perpendicular to move another pump; and the saving of power effected in that case is the equivalent, or nearly so, of that necessary to work either of two equal pumps. In the case of Stever's ship pump, the external force of the waves is availed of, so that the pendulum may be said to work automatically; and inasmuch as the force of the waves is inconstant and unequal, it was essential to the successful operation of the pump that the pendulum should be limited in its stroke or arc of oscillation, and preserved from sudden lateral strain, for which purpose the guiding arcs and crossbars or bumpers were introduced. In the patent of McIntosh and Barnhart the pendulum is confined between upright beams, is connected at the axis of oscillation with a crossbar, e, for which a movable rod, f, transfers the motion to the driving crank, g, and fly wheel, i, of the machine to be operated.

The two former cases are examples of the motive power confined in its application to the production of an alternating or reciprocating movement in working pumps or anything requiring only a backward and forward movement. For the purposes of such movements the guide bars and bumpers found in Stever's pump are a complete answer to patentability for those features in the claim of the appellant. If, however, we consider the application of the pendulum to the production of rotary or continuous movements, we do not find, in the machine of McIntosh and Barnhart, or any other to which reference is given, the guide bars or bumpers. Now, if they perform any distinctive valuable function in such movements, and are not found in any existing machinery of that class, the applicant ought to have a patent for their introduction and combination. Has he shown any such func-

tion, or does any such exist? For, of course, if they are useless, he can claim nothing for them; and if illusory additions they might render vicious otherwise good claims, if calculated and intended to deceive the public.

Now, so far as the guide bars are concerned, the office has correctly argued that, as the vibrations of the pendulum are in a vertical plane, and the arm of the pendulum a rigid bar or beam, the guides are obviously of no avail. With regard to the stops or bumpers it may be observed that, as the pitman, D, of the model and specifications is fastened to the driving crank and fly wheel of the threshing machine (and the same must be true in all similar applications of the power), the stroke of the pendulum must of necessity be exactly measured by and limited to the revolution of the crank, for if the stop be placed at a point in the arc of oscillation short of that limit, the crank can never go on to a revolution. If it be placed exactly and mathematically at that limit, of course the whole force of the pendulum will be exhausted upon the stop and the crank must rest upon its dead center; and if the stop is placed beyond that limit, it is manifest that, as the pendulum never can reach it, the whole shock and excess of force must be expended upon the crank, and, so far as it can become valuable in saving labor, that excess must pass into the machine and be there garnered up in its general momentum or in that of its fly wheel, if it be operated with such an appendage, as all light machinery should be. Indeed, it may be doubted, as the board of appeal has intimated in their report in this case, whether the fly wheel is not to be considered the only practically useful manifestation or treasury of the advantages derived from the saving of the momentum in the propulsion of machinery. The foregoing remarks are mainly applicable to rigid stops or bumpers, as distinguished from spring bumpers.

The claim in the specification not being limited to spring bumpers, the case was treated by the office in all the breadth in which it was presented, and without an amendment could not have been otherwise considered. Nor upon the appeal before me is the case open upon the question of patentability of a claim to spring bumpers. I shall therefore go into no speculations as to the possible advantages or disadvantages of the combination of spring bumpers in the applicant's invention. It is true that spring bumpers are represented in the model, but not at such relative distance to the other parts as to show, by experimentally working the model, their value, and being so shown, if the applicant meant to limit his claim to them, and was understood by the office so to do, and if, thus limited, it seemed to be patentable it certainly would have been the appropriate duty of the office to have suggested to him an amendment of his

defective specification. Now, although the distinction between spring and solid bumpers is adverted to by the board, at page 5 of its manuscript opinion, in terms sufficiently distinct to have put the applicant upon inquiry, if such had been the real claim, no movement towards an amendment was made by nim, notwithstanding the fact, as shown by the indorsement of the file, that the office still considered the case as within the equity of the 105th rule, allowing a withdrawal, and, of course, under the same rule, open to amendment. Represented as he was by counsel acquainted with the rules and practice of the office, there was enough in what fell from the board to call his attention to the necessity for amendment, if it could have availed him; and therefore I feel no hesitation in confining myself to the case in the aspect under which, alone, I have considered it.

The remaining feature of the combination is the adaptation of the hand lever to the machine for the purpose of imparting motion to the pendulum, and through it to all the parts. This is a contrivance of such obvious character that its introduction furnishes no aid to the combination. Finding no novelty in any of the several parts, nor in the result attained, nor any utility in those features of the combination which, upon first presentation, might seem new in their special application. I have arrived at the conclusion that the claim as presented is not patentable. Now, for the reasons assigned, I hereby certify to Hon. Philip F. Thomas, commissioner of patents, that, having fixed the 7th of June last for hearing this appeal, and having, at the request of counsel for applicant, adjourned it from time to time, I have now read and considered his arguments and the reasons of appeal, the official response to those reasons, together with the references, and I am of opinion that there is no error in the decision, which is hereby affirmed, and the application is finally rejected.